FRANCES SANFORD v. JOSEPH C. SANFORD.

During the pendency of a petition for divorce or a petition for separate maintenance, the Court have no power to order the husband to furnish the wife with money to defray her expenses in carrying on or defending the suits.

At the August Term, 1851, Joseph C. Sanford filed his petition for divorce against his wife Frances Sanford, who thereupon moved for an order upon her husband to furnish her with sufficient money to defend herself against his petition. But the Court held they had no power to make such an allowance. At the present term, Frances Sanford petitioned for a separate maintenance and for a decree compelling her husband to furnish the means of prosecuting the suit. The petitioner presented affidavits of her inability. The respondent presented affidavits to show that he was insolvent and that the petitioner was still possessed of a right of dower in estates sold by her husband, for the relinquishment of which she could obtain considerable sums.

Potter for the petitioner cited Graves v. Graves (2

Paige 62), *Wright* v. *Wright*, (1 Edwards 62), and contended that the Court had power to make the order under the 7th section of the Act regulating Marriage and Divorce, which invested the Court with power to hear and try all questions of Divorce and Alimony. That one of the definitions of Alimony was an allowance *pendente lite.* That the 8th section, which empowered the Court to grant petitions for separate maintenance, conferred this power in the words authorizing them to make such *interolcutory decrees*, or grant temporary injunctions as may be necessary until a hearing can be had before the Court. The Court has full chancery powers to enforce their decrees, and, moreover, are expressly authorized by the 10th section to issue such process as may be necessary to carry into effect the powers conferred by the act.

*Dixon & Shearman* for the respondent contended. That the fact that such an allowance had never before been applied for, afforded a strong inference that the Court had not the power to make it. The authorities on this subject are from Ecclesiastical or Chancery Courts, or from Courts invested with the power by statute. It is a power to take property from one person and give it to another without the intervention of a jury and the Court will not assume it, unless it is expressly conferred, and, if they should assume it, they have no power to enforce it. This is not a case for the exercise of the power, if the Court possess it, it having been proved that the respondent was unable to make the allowance and that the petitioner, by selling her right of dower, could procure means without recourse to her husband.

GREENE C. J. The Court have already decided upon a petition for divorce by the respondent against his wife,

that he could not be compelled to furnish her with the means of defending herself. There is no case in which any such allowance has been applied for in this Court, for more than a hundred years, and such long acquiescence should certainly have much weight in determining the true construction of the Statute. But this is a petition for separate maintenance and is supposed to stand upon a different footing. The clause relied upon in support of the motion is section 8, which invests the Court with power to grant petitions for separate maintenance and provides, when such petitions have been presented, that " any justice of the Court may, in vacation, upon reasonable notice and proof, make such interlocutory decrees or grant temporary injunctions as may be necessary, until a hearing can be had before the Court." It is contended that the power to make interlocutory decrees authorizes the Court to make an allowance in this form. But we think the decree contemplated by the statute is a decree for the separate maintenance of the wife during the pendency of the petition and not to furnish money to defray the expense of litigation. It would be entirely contrary to our practice to make such a decree.

It was contended the Court had this power under the 7th section of the act which gives them jurisdiction in questions of alimony. But the alimony referred to is not an allowance *pendente lite*, but to be given on final decree upon petitions for divorce as will be seen by reference to the sixth section of the same act.

After a careful examination of this statute we do not think there is any ground upon which we can make the decree applied for. It might be wise in the General Assembly to confer the power, and this may be a fit case for its exercise. If this had been a petition for alimony

or maintenance during the litigation, we might entertain the motion, though even then the inability of the husband and the wife's right to dower, which she might dispose of, might raise a doubt whether it would be proper to grant relief, but in this case we think we should be transcending our power in making the allowance prayed for.